# SAMUEL D. CROZIER v. B. F. NELSON MANUFACTURING COMPANY.[1]

January 17, 1913.

Nos. 17,829—(182).

**Discretion of court not abused.**

Motion by defendant for stay of all proceedings until plaintiff paid judgments for costs against him in two other actions between same parties was denied, and defendant appealed. It appeared by inference that plaintiff conceived he was defeated in the other actions on the ground a contract of yearly hiring came within the statute of frauds, and could not be performed within one year from the time it was made. In the present action he alleged the contract was made two days later. *Held:* The court exercised its judicial discretion in deciding the motion and the record does not affirmatively show an abuse of discretion. The defendant was not entitled to the stay as a matter of absolute right. [Reporter].

Defendant moved for an order of the district court for Hennepin county staying all proceedings in the action until plaintiff paid defendant $74.71, the amount of two judgments for costs recovered by defendant against plaintiff in two other

1 Reported in 139 N. W. 353.

actions in the municipal court of Minneapolis, and to extend defendant's time to answer. The ground of the motion was that defendant could not collect the judgments by execution and levy, for the reason that plaintiff was execution proof; that defendant had been put to great expense defending the actions in the municipal court and would be put to great expense in defending the present action; that the bringing of this action was vexatious and harassing to defendant and the same was brought for the purpose of harassing defendant and to put it to additional expense. Defendant obtained from the court an order requiring plaintiff to show cause why the court should not issue an order staying proceedings until the payment by defendant of the two judgments for costs. The motion was heard by Steele, J., who denied the motion as to the payment of the judgments and granted defendant a stay for twenty days to answer the complaint. From the order denying the motion to stay proceedings, defendant appealed. Affirmed.

*William A. Tautges,* for appellant.

*Larrabee & Davies,* for respondent.

PER CURIAM.

In this case the defendant moved the court below for an order staying all proceedings therein until plaintiff paid the judgments for costs rendered against him in two actions brought in the municipal court of Minneapolis by plaintiff against this defendant, and for leave to answer within 20 days after such judgments were paid. The motion was denied as to the stay, and defendant appeals.

Plaintiff in this action alleged that on April 17, 1911, he was employed by defendant for one year at a certain salary, payable in monthly instalments; that on October 1, 1911, he was discharged without cause, and thereafter he was unable to obtain other employment, and asks damages for the loss in wages for the months of October, November, and December, 1911, and for January, February, and March, 1912. The defendant's showing on the motion was that plaintiff, on November 4, 1911, brought an action in said municipal court against defendant for damages for loss of wages during October, 1911, and subsequently, in January, 1912, another action was brought by plaintiff against defendant in said municipal court for damages for the loss of wages for the months of November and December, 1911. These actions were tried, and resulted in judgment for costs in each case against plaintiff, which are still unpaid. By inference it is made to appear that plaintiff conceived that he was defeated in the municipal court on the ground that the contract came within the statute of frauds, in that it could not be performed in one year from the time it was made on April 15, 1911, as alleged in the complaints in those cases. Now, in the instant case, plaintiff alleges that the contract was made two days later.

Without considering or deciding whether the order is appealable, we conclude that the order must be affirmed on the merits. The court, in an order upon a motion of the character here presented, exercises judicial discretion, and the rec-

ord does not affirmatively show any abuse of discretion. It is not made to appear that defendant was entitled to a stay as a matter of absolute right. While the existence of a valid contract of employment for one year must be the basis for the damages accruing to plaintiff for each instalment of wages, still the damages sought in the present action for the months of January, February, and March, 1912, may constitute a separate cause of action from those tried in the municipal court. McMullan v. Dickinson Co. 60 Minn. 156, 62 N. W. 120, 27 L.R.A. 409, 51 Am. St. 511.

The order is affirmed.